**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| David E. Wattel, et al., | ) | No. 02-CV-2256-PHX-PGR |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **ORDER** |
| Stephen Browne, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Pending before the Court is Defendant G. Dennis O'Brien's Motion to Strike Plaintiffs' Expert Designation and Testimony (Doc. 175). On November 18, 2005, the Plaintiffs disclosed their expert, Cary D. Ferchill, and his report on corporate governance standards. Defendant O'Brien filed the present motion one month later arguing that Mr. Ferchill should not be allowed to opine on the appropriate legal standard in this case or whether or not the Defendants' conduct breached that suggested legal standard. According to Defendant O'Brien, neither of these subjects is appropriate for expert testimony under Federal Rule of Evidence 702. Specifically, Defendant O'Brien contends that Mr. Ferchill's opinions are in admissible legal conclusions. The Court disagrees.

Federal Rule of Evidence 702 provides for the liberal admission of expert testimony regarding factual matters. Expert testimony is admissible when it will assist the tier of fact in understanding the evidence or determining a disputed issue of fact. As correctly noted by the Plaintiffs, the Court will instruct the jury regarding the legal duties the Defendants owed

to Marketlift.  Accordingly, the Defendants may be liable for damages if the jury determines they breached those legal duties.  However, the standards of care that make up those duties and what conduct constitutes a breach of those duties are factual questions and proper subjects for expert testimony.  As long as the expert's testimony assists the trier of fact in understanding the evidence or determining disputed issues of fact, it will be admitted per Rule 702.  Therefore,

IT IS ORDERED that Defendant O'Brien's Motion to Strike Plaintiffs' Expert Designation and Testimony (Doc. 175) is DENIED.

DATED this 3rd day of May, 2006.


Paul G. Rosenblatt
United States District Judge